UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRIGORY KRAVTSOV,

                 Plaintiff,

-against-

TOWN OF YORKTOWN; DEPARTMENT
OF ENVIRONMENTAL PROTECTION,
CITY OF NEW YORK,

                 Defendants.

19-CV-5232 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants discriminated against him based on his religion and disability. By order dated July 1, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Named as Defendants in this complaint are the Town of Yorktown and the "Department of Environmental Protection, City of New York." Plaintiff discusses many events in his complaint, and it is not readily apparent how they are connected. Plaintiff initially asserts that he filed this complaint because of "property tree falling accident at 2358 Broad Str. Yorktown NY 10598 on 6/26/2018." (ECF No. 2 ¶ III.) Plaintiff's first cause of action is a claim of "political and racial persecution masked as wetland flood promotion by prohibiting and punishing for plaintiff's attempt to remediate his flooded property," and his second cause of action is a claim of "antisemitic incitement, investigation, provocation by Yorktown town supervisor of Yorktown voters to endorse & support pogrom property destruction thinly v[e]iled as environmental protection of newly flooded wetland watershed." (*Id.* at 10.)

Plaintiff is "openly Jewish, wearing kippa in public," and is also "officially disabled after 2005 total gastreotomy [sic] operation," and he makes his living developing "3D-TV tactile monitor for blind assistive technology" for which he has a patent. (*Id.*) According to Plaintiff, Costco applied for a permit to build a superstore at 3200 Compound Road in Yorktown, and he has "undertaken" a "vigorous political campaign against it, explaining in details how Chinese

2

industrial manufacturers, which are the majority of Costco suppliers were violating Plaintiff's patent." *Id*. Plaintiff alleges that the Town of Yorktown:

> used distorted ill[e]gal, corrupt and abusive overenforcement of town code wetland protection as real property inverse condemnation mechanism for punishment of Plaintiff in political conflict resultant in pogrom-like outcome. 363 Underhill Ave. Yorktown NY 10598.

(*Id.*) An unidentified "member of the Yorktown/NYC municipal administration . . . materially affected transformation of what started as conflict in federal sanction enforcement, into antisemitic pogrom with resultant irreparably damaged property & health of Plaintiff." (*Id.*) Plaintiff asserts that the "Department of Environmental Protection" in Valhalla, NY, is a "collaborator in Yorktown municipal pogrom persecution of overenforcement of unsustainable wetland watershed protection with catastrophic results." (*Id.*)

Plaintiff seeks money damages and to hold the Town of Yorktown "responsible for illegal creation of corrupt & abusive scheme of overenforcement of environmental protection above & beyond what is acceptable and engingeeringly [sic] sustainable under NYS & EPA guidelines for Plaintiff's property," and for the "ill[e]gal antisemitic propaganda used to solicit & to successfully obtain voters' support for resultant environmental pogrom with primarily residence physical destruction & personal health damages." Plaintiff seeks to hold the environmental protection agency "responsible for pogrom collaboration in as far as lending its legal and engineering support to Yorktown Building Dept." (*Id.* at 18.)

## DISCUSSION

### A. Federal Pleading Rules

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8. His allegations do not plausibly allege that any named Defendant discriminated against him because of his religion or disability, or otherwise violated his federally protected rights. In short, Plaintiff's pleading lacks an arguable basis either in law or in fact, and there is no legal theory on which he may rely. Accordingly, the Court dismisses the complaint for failure to state a claim on which relief may be granted.

**B.    Claims Against the Named Defendants**

1.    Town of Yorktown

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice,

and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not assert facts giving rise to an inference that a municipal policy, custom, or practice of the Town of Yorktown caused the harm he alleges to have experienced. Plaintiff has thus failed to assert a viable municipal liability claim against the Town of Yorktown.

2. "Department of Environmental Protection, City of New York"

Plaintiff names the "Department of Environmental Protection, City of New York," but asserts that it is located in Valhalla, New York. Because none of the underlying events occurred in New York City, the Court construes the complaint as asserting a claim against the New York State Department of Environmental Conservation.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Accordingly, any § 1983 claims Plaintiff is raising against the State of New York or the New York State Department of Environmental Conservation are barred by the Eleventh Amendment and are dismissed.

**LEAVE TO AMEND**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the deficiencies in Plaintiff's complaint cannot be cured, the Court declines to grant him leave to amend his complaint.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The complaint is dismissed for failure to state a claim on which relief may be granted, and on immunity grounds. 28 U.S.C. § 1915 (e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 7, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge